UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LAWRENCE LYNELL SIMMONS, | Case No. 1:19-cv-301 |
| Plaintiff, | HON. JANET T. NEFF<br>U.S. DISTRICT JUDGE |
| v. | |
| K. NIGEL CRUM, in his individual personal capacity, a private citizen;<br>JOSEPH E. O'CONNOR, in his individual personal capacity, a private citizen;<br>JULIE K. PHILLIPS, in her individual personal capacity, a private citizen;<br>ALEXANDER C. LIPSEY, in his individual personal capacity, a private citizen. | HON. ELLEN S. CARMODY<br>U.S. MAGISTRATE JUDGE |
| Defendants. | |

_____

| | |
|---|---|
| Lawrence L. Simmons<br>Plaintiff In Pro Per<br>444 Terrace Ct.<br>Kalamazoo MI 49001<br>269/217-9811 | Allan C. Vander Laan (P33893)<br>Bradley C. Yanalunas (P80528)<br>Cummings, McClorey, Davis & Acho<br>Attorneys for Defendants K. Nigel Crum, Joseph E. O'Connor, Julie K. Phillips and Alexander C. Lipsey<br>2851 Charlevoix Dr., S.E. - Suite 327<br>Grand Rapids MI 49546<br>616-975-7470<br>avanderlaan@cmda-law.com<br>byanalunas@cmda-law.com |

_____

**BRIEF IN SUPPORT OF FIRST AMENDED MOTION BY DEFENDANTS NIGEL CRUM, JOSEPH O'CONNOR, JULIE PHILLIPS AND ALEXANDER LIPSEY SEEKING DISMISSAL UNDER FED. R. CIV. P. 12(b)(6)**

**\*\*\*ORAL ARGUMENT REQUESTED\*\*\***

**TABLE OF CONTENTS**

Index of Authorities………………………………………………………………………..…iii

Questions Presented……………………………………………………………………...vi

Introduction…………………………………………………………………………………1

Statement of Facts…………………………………………………………………………1

Standard of Review………………………………………………………………………..2

Argument……………………………………………………………………………………3

    I.    PLAINTIFF'S CLAIMS AGAINST DEFENDANTS CRUM AND O'CONNOR ARE BARRED BY THE DOCTRINE OF *RES JUDICATA*…..3

    II.    DEFENDANTS PHILLIPS AND LIPSEY ARE ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY……………………………………………4

    III.    DEFENDANTS ARE ENTITELED TO QUALIFIED IMMUNITY……………5

    IV.    DEFENDANTS ARE ENTITLED TO GOVERNMENTAL IMMUNITY AS TO PLAINTIFF'S STATE-LAW CLAIMS……………………………………...7

    V.    PLAINTIFF CANNOT SUSTAIN HIS CLAIMS AGAINST DEFENDANTS………………………………………………………………..8

Conclusion and Relief Requested……………………………………………………………11

## **INDEX OF AUTHORITIES**

Cases

***16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.***,
727 F.2d 502, 504 (6th Cir. 2013). .................................................................... 2

***Adams v. Nat'l Bank of Detroit***, 444 Mich. 329, 341, 508 N.W.2d 464 ...................... 10

***Allen v. McCurry***, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). ......................... 3

***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009). ............................................................. 5

***Barnes v. Winchell***, 105 F.3d 1111, 1117 (6th Cir. 1997) ............................................. 5

***Bassett v. Nat'l Collegiate Athletic Ass'n***, 528 F.3d 426, 430 (6th Cir. 2008). ............ 3

***Beck v. State of Ohio***, 379 U.S. 89, 91 (1964). ......................................................... 9

***Bowers v. City of Flint***, 325 F.3d 758, 763 (6th Cir. 2003). ........................................ 8

***Brewer v. Perrin***, 132 Mich.App. 520, 527, 349 N.W.2d 198 (1984). .......................... 10

***Brookings v. Clunk***, 389 F.3d 614, 617 (6th Cir. 2004). .............................................. 4

***Buck v. Thomas M. Cooley Law School***, 597 F.2d 812, 816 (6th Cir. 2010) ............... 2

***Burns v. Olde Discount Corp.***, 212 Mich.App. 576, 581, 538 N.W.2d 686 (1995) ..... 10

***Clarke v. K Mart Corp.***, 197 Mich.App. 541, 546–547,
495 N.W.2d 820 (1992) 495 N.W.2d 820 ................................................................. 10

***Cooper v. Parrish***, 203 F.3d 937, 944 (6th Cir. 2000) .................................................. 4

***DePiero v. City of Macedonia***, 180 F.3d 770 (6th Cir. 1999); ...................................... 4

***Everson v. Leis***, 556 F.3d 484, 494 (6th Cir. 2009). ..................................................... 5

***Foster v. Walsh***, 864 F.2d 416, 417-18 (6th Cir. 1988) ................................................. 5

***Henry v. Chesapeake Appalachia, LLC***, 739 F.3d 909, 912 (6th Cir. 2014) ............... 2

***Hess v. Wolverine Lake***, 32 Mich.App. 601, 604, 189 N.W.2d 42 (1971) .................... 11

***Ireland v. Tunis***, 113 F.3d 1435, 1441 (6th Cir. 1997) ................................................. 4

***Johnson v. Turner***, 125 F.3d 324, 334 (6th Cir. 1997) ................................................ 5

*Jones v. Bock*, 549 U.S. 199, 215 (2007) .......................................................................... 2

*King v. Michigan Consolidated Gas Co.*,
177 Mich.App. 531, 535, 442 N.W.2d 714 (1989). ........................................................ 3

*Krajick v. Justin*, 991 F. Supp. 875, 876-78 (E.D. Mich. 1998). ..................................... 4

*Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) ................................. 3

*Lewis v LeGrow*, 258 Mich App 175, 196; 670 NW2d 675 (2003). ............................. 11

*Lewis v. Farmer Jack Div., Inc.*, 415 Mich. 212, 327 N.W.2d 893 (1982). .................. 10

*Maiden v Rozwood,* 461 Mich 109, ; 597 NW2d 817 (1999). ......................................... 7

*Migra v. Warren City Sch. Dist. Bd. of Educ.*,
465 U.S. 75, 81, 104 S. Ct. 892, 896, 79 L. Ed. 2d 56 (1984). ....................................... 3

*Mireles v. Waco*, 502 U.S. 9, 10 (1991). ......................................................................... 4

*Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ................................................................. 6

*Odom v Wayne County*, 482 Mich 459, 479-80; 760 NW2d 217 (2008) ....................... 7

*Oliver v Smith,* 290 Mich App 678, 685-55; 810 NW2d 57 (2010) ............................... 7

*Pearson v. Callahan*, 555 U.S. 223, 232 (2009) .............................................................. 6

*Pollard v. City of Columbus, Ohio*, 780 F.3d 390, 402 (6th Cir. 2015) .......................... 6
*Riverview Health Institute, LLC v. Medical Mutual of Ohio*,
601 F.3d 505, 512 (6th Cir. 2010). .................................................................................. 2

*Roberts v Auto Owners Ins Co*, 422 Mich 594; 603 NW2d 905 (1985) ...................... 11

*Robertson v. Lucas*, 753 F.3d 606, 615 (6th Cir. 2014) ................................................. 6

*Stump v. Sparkman*, 435 U.S. 349, 362 (1978)............................................................... 4

*Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) ................................................... 9

*Tope v. Howe*, 179 Mich.App. 91, 105, 445 N.W.2d 452 (1989) ................................. 10

*Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). ................... 9

*White v. Pauly*, 137 S. Ct. 548, 551 (2017).................................................................... 6

***Yeo v. State Farm Fire & Cas. Ins. Co.***,
   242 Mich.App. 483, 484, 618 N.W.2d 916 (2000). ......................................................... 3

**Rules**
Fed. R. Civ. P. 12(b)(6) ................................................................................................... 2

## **QUESTIONS PRESENTED**

I. ARE PLAINTIFF'S CLAIMS AGAINST DEFENDANTS NIGEL CRUM AND JOSEPH O'CONNOR BARRED BY THE DOCTRINE OF *RES JUDICATA*?

   Plaintiff will answer: "No."

   Defendants answer: "Yes."

II. ARE DEFENDANTS JULIE PHILLIPS AND ALEXANDER LIPSEY ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY AGAINST PLAINTIFF'S CLAIMS?

   Plaintiff will answer: "No."

   Defendants answer: "Yes."

III. ARE DEFENDANTS ENITLED TO QUALIFIED IMMUNITY AS TO ALL OF PLAINTIFF'S CONSITUTIONAL AND/OR FEDERAL CLAIMS?

   Plaintiff will answer: "No."

   Defendants answer: "Yes."

IV. ARE DEFENDANTS ENTITLED TO GOVERNMENTAL IMMUNITY AS TO ALL OF PLAINTIFF'S STATE-LAW CLAIMS?

   Plaintiff will answer: "No."

   Defendants answer: "Yes."

V. CAN PLAINTIFF SUSTAIN ANY CLAIMS AGAINST DEFENDANTS?

   Plaintiff will answer: "Yes."

   Defendants answer: "No."

## INTRODUCTION

Plaintiff Lawrence Simmons Complaint against Defendants Nigel Crum, Joseph O'Connor, Julie Phillips and Alexander Lipsey must be dismissed because it fails to state any viable claims against them.  The causes of action against Defendants Nigel Crum and Joseph O'Connor must be dismissed pursuant to the doctrine of *res judicata*. Defendants Julie Phillips and Alexander Lipsey are entitled to absolute judicial immunity as to all of Plaintiffs claims.  Therefore, these Defendants request the Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. (b)(6).

## STATEMENT OF FACTS

This action arises from a complaint filed by Plaintiff Lawrence Simmons that was dismissed, with prejudice, on a motion by Defendants Nigel Crum and Joseph O'Connor. **(Exhibit 1; Exhibit 2)**.  On January 22, 2019, Plaintiff filed a complaint against Defendants Nigel Crum and Joseph O'Connor. Plaintiff alleged that in early November 2018, he received an order stating that he show cause for his failure to pay money owed from a child support order. **(Exhibit 2)**.  Plaintiff responded to the show cause order demanding it be dismissed. **Id.**  On December 18, 2018, Plaintiff was arrested for failure to appear at the show cause hearing. **Id**. He was subsequently incarcerated at the Kalamazoo County Jail. **Id**.  On December 19, 2018, Plaintiff met with Friend of the Court Enforcement Officer Joseph O'Connor and signed a consent order which required he spend 10 days in jail, to be suspended upon the payment of $200.00 to the County Sheriff or the Friend of the Court. **(Exhibit 3)**.  The consent order was signed by Judge Julie Phillips. **Id.**

Defendants Nigel Crum and Joseph O'Connor filed their Motion for Summary Disposition pursuant to MCR 2.116(C)(7) and (8).  On April 4, 2019, the parties argued Defendants' motion before Judge Alexander Lipsey.  After considering the briefs and oral arguments, Judge Alexander Lipsey entered an order dismissing Plaintiff's complaint, with prejudice, and without costs. **(Exhibit 1)**.

## STANDARD OF REVIEW

"A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is designed to test the sufficiency of the complaint." ***Riverview Health Institute, LLC v. Medical Mutual of Ohio***, 601 F.3d 505, 512 (6th Cir. 2010). "[D]ismissal pursuant to Rule 12(b)(6) will be granted if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense." ***Id.*** "Immunity is among these affirmative defenses. ***Jones v. Bock***, 549 U.S. 199, 215 (2007).

"Although typically courts are limited to the pleadings when faced with a motion under Rule 12(b)(6), a court may take judicial notice of other court proceedings without converting the motion into one for summary judgment." ***Buck v. Thomas M. Cooley Law School***, 597 F.2d 812, 816 (6th Cir. 2010). "[M]atters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint also may be taken into account." ***Henry v. Chesapeake Appalachia, LLC***, 739 F.3d 909, 912 (6th Cir. 2014).

The reviewing court should also remain cognizant that "[d]iscovery imposes costs—not only on defendants but also courts and society." ***16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.***, 727 F.2d 502, 504 (6th Cir. 2013). A case should

be dismissed without discovery, "when there is no reasonable likelihood that [the plaintiff] can construct a claim from the events related in the complaint." ***Id.***

However, a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment. ***Kreipke v. Wayne State Univ.***, 807 F.3d 768, 774 (6th Cir. 2015); ***Bassett v. Nat'l Collegiate Athletic Ass'n***, 528 F.3d 426, 430 (6th Cir. 2008).

## ARGUMENT

### I. PLAINTIFF'S CLAIMS AGAINST DEFENDANTS O'CONNOR AND CRUM ARE BARRED BY THE DOCTRINE OF RES JUDICATA

A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. ***Migra v. Warren City Sch. Dist. Bd. of Educ.***, 465 U.S. 75, 81, 104 S. Ct. 892, 896, 79 L. Ed. 2d 56 (1984). Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so. ***Allen v. McCurry***, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

In Michigan, there are three requirements for res judicata to apply: (1) the prior action must have been decided on its merits, (2) the issues raised in the second case must have been resolved in the first, and (3) both actions must have involved the same parties or their privies. ***King v. Michigan Consolidated Gas Co.***, 177 Mich.App. 531, 535, 442 N.W.2d 714 (1989). A dismissal with prejudice amounts to an adjudication on

the merits and bars a further action based on the same facts. **Yeo v. State Farm Fire & Cas. Ins. Co.**, 242 Mich.App. 483, 484, 618 N.W.2d 916 (2000).

In this case, Plaintiff Simmons' claims again Joseph O'Connor and Nigel Crum are barred by the doctrine of *res judicata*. The federal and state court complaints have identical factual allegations and legal theories. Judge Alexander Lipsey dismissed Plaintiff's claims against them with prejudice, which amounts to adjudication on the merits and bars any further actions based on the same facts. As such, Plaintiff's claims against Defendants O'Connor and Crum must be dismissed.

## II. DEFENDANTS LIPSEY AND PHILLIPS ARE ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY

"Judicial officers generally are absolutely immune from civil suits for monetary damages under § 1983 for their judicial actions." **Cooper v. Parrish**, 203 F.3d 937, 944 (6th Cir. 2000). This immunity extends to state district court judges and magistrates in the performance of their judicial acts. **Krajick v. Justin**, 991 F. Supp. 875, 876-78 (E.D. Mich. 1998).

Judicial immunity can only be overcome for nonjudicial actions, "i.e., actions not taken in the judge's judicial capacity" or "actions, though judicial in nature, taken in complete absence of all jurisdiction." **Mireles v. Waco**, 502 U.S. 9, 10 (1991). An act is judicial in nature when "it is a function normally performed by a judge" and the parties "dealt with the judge in his judicial capacity." **Stump v. Sparkman**, 435 U.S. 349, 362 (1978). Judicial immunity applies even to judicial acts performed maliciously, corruptly, in bad faith, or in error. **Brookings v. Clunk**, 389 F.3d 614, 617 (6th Cir. 2004).

"It is well-settled in this Circuit that the issuance of an arrest warrant is a judicial act for judicial immunity purposes." **DePiero v. City of Macedonia**, 180 F.3d 770 (6th

Cir. 1999); ***Ireland v. Tunis***, 113 F.3d 1435, 1441 (6th Cir. 1997)("the judicial nature of the act of issuing an arrest warrant cannot seriously be challenged"); ***Foster v. Walsh***, 864 F.2d 416, 417-18 (6th Cir. 1988)(concluding that the issuance of an arrest warrant for plaintiff's arrest was a "truly judicial act"). Arraignment is also a judicial act. See ***Barnes v. Winchell***, 105 F.3d 1111, 1117 (6th Cir. 1997).

The second exception is also inapplicable. For the exception to apply, a judge must have acted "in the clear absence of all jurisdiction," as opposed to merely "in excess of authority." ***Tunis***, 113 F.3d at 1441. "A judge acts in the clear absence of all jurisdiction only when the matter upon which he acts is clearly outside the subject matter of the court over which he presides." ***Johnson v. Turner***, 125 F.3d 324, 334 (6th Cir. 1997).

Neither exception applies in this case. Plaintiff alleges both Judge Phillips and Lipsey signed orders which he deems void. **(Doc. 1, PageID 5-6)**. Signing an order is indisputably a judicial action. Plaintiff's allegation that Judge Phillips and Lipsey lacked subject matter jurisdiction is conclusory and without factual support. A pleading that offers labels and conclusions or formulaic recitation of the elements of a cause of action will not do." ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Thus, Defendant Lipsey and Phillips are entitled to absolute judicial immunity.

### III. DEFENDANTS HAVE QUALIFIED IMMUNITY AGAINST PLAINTIFF'S CLAIMS

"[G]overnment officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known." ***Harlow v. Fitzgerald***, 457 U.S. 800, 818 (1982). When "a defendant raises qualified immunity as

00935704-1                                                    5

a defense, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity." **Everson v. Leis**, 556 F.3d 484, 494 (6th Cir. 2009).

Whether an official is entitled to qualified immunity depends on a two-pronged inquiry. "First a court must decide whether the facts that the plaintiff has alleged or shown make up a violation of a constitutional right." **Pearson v. Callahan**, 555 U.S. 223, 232 (2009). Second, "the court must decide whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." **Id.**

In this latter regard, a right is "clearly established" only where existing case law precedents demonstrate the existence of the right be "beyond dispute," such that "every reasonable officer would have understood that what he is doing violates that right." **Mullenix v. Luna**, 136 S. Ct. 305, 308 (2015); **White v. Pauly**, 137 S. Ct. 548, 551 (2017). Accordingly, qualified immunity "covers mistakes in judgment, whether the mistake is one of fact or one of law." **Pearson**, 555 U.S. at 231.

Moreover, "[e]ach defendant's liability must be assessed individually based on his or her own action." **Pollard v. City of Columbus, Ohio**, 780 F.3d 390, 402 (6th Cir. 2015). "Simply put, to establish liability and to overcome a qualified immunity defense, an individual [plaintiff] must show that his or her *own* rights were violated and the violation was committed *personally* by the defendant." **Robertson v. Lucas**, 753 F.3d 606, 615 (6th Cir. 2014)(Emphasis in Original).

Plaintiff's complaint is devoid of federal claims, but he does invoke the Fourteenth Amendment. Despite this, Plaintiff cannot sustain any constitutional claims against Defendants because they have qualified immunity. Plaintiff's complaint does not specifically allege a violation of a clearly established right. The plaintiff must plead "more

than unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft, supra.* at 678. Plaintiff does not allege, and cannot show, a violation of any constitutional rights entitling Defendants to qualified immunity.

## IV. DEFENDANTS ARE ENTITLED TO GOVERNMENTAL IMMUNITY AS TO PLAINTIFF'S STATE-LAW CLAIMS

Governmental employees acting within the scope of their authority and in the course of their employment are immune from tort liability unless (1) their conduct rises to the level of "gross negligence" that is the one, most immediate and direct cause of injury to the plaintiff, MCL 691.1407(2) or (2) their conduct constitutes an "intentional tort" done without good faith or with malice. *Odom v Wayne County*, 482 Mich 459, 479-80; 760 NW2d 217 (2008). Plaintiff has not alleged facts against Defendant Elliott that could establish either.

"Gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). Gross negligence "has been characterized as a willful disregard of safety measures and a singular disregard for substantial risks." *Oliver v Smith,* 290 Mich App 678, 685-55; 810 NW2d 57 (2010). Facts showing no more than ordinary negligence do not satisfy this statutory definition. *Maiden v Rozwood,* 461 Mich 109, ; 597 NW2d 817 (1999).

Plaintiff does not allege that Defendants' conduct amounted to "gross negligence." Rather, Plaintiff's allegations are merely conclusory statements that it is his belief the orders signed by the Judge were void.

Intentional Infliction of Emotional Distress is an "intentional tort." But Plaintiff has failed to allege facts that Defendants acted with malice or without good faith. A lack of good faith is "malicious intent, capricious action or corrupt conduct or willful and corrupt

misconduct." ***Odom***, 482 Mich at 474. Again, "willful and wanton misconduct is made out only if the conduct alleged shows an intent to harm or, if not that, such indifference as to whether harm will result as to be the equivalent of a willingness that it does." ***Id.*** at 475. Plaintiff alleges no ***facts*** which support malice or a lack of good faith. Rather, he relies upon his conclusory statements that orders were legally void. He alleges no facts in support of this. Thus, Defendants retain immunity as to all of Plaintiff's state law claims.

### V. PLAINTIFF CANNOT SUSTAIN HIS CLAIMS AGAINST DEFENDANTS

Even assuming Defendants aren't entitled to immunity, Plaintiff has still failed to plead facts upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true, to state a claim for relief that is plausible on its face." ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009). A claim is "plausible" only "when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." ***Id.***

#### a. Fourteenth Amendment Due Process

To the extent the Court determines Plaintiff has attempted to plea a substantive due process claim, Plaintiff cannot sustain this claim against Defendants. The Fourteenth Amendment's Due Process clause has a substantive due process component that "protects specific fundamental rights of individual freedom and liberty from deprivation at the hands of arbitrary and capricious government action." ***Sutton v. Cleveland Bd. of Ed.***, 958 F.2d 1339, 1350 (6th Cir. 1990). An "arbitrary and capricious action is one that shocks the conscience." ***Bowers v. City of Flint***, 325 F.3d 758, 763 (6th Cir. 2003).

Plaintiff's complaint is devoid of specific facts which connects any Defendants' action to a potential Fourteenth Amendment claim. Further, Defendants' alleged actions

are the antithesis of something that would "shock the conscience." Thus, Plaintiff cannot sustain a Fourteenth Amendment Due process claim against Defendants.

### b. False Arrest

#### i. Federal Law

"A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." **Sykes v. Anderson**, 625 F.3d 294, 305 (6th Cir. 2010). Probable cause exists if the facts and circumstances known to the officer at the time of arrest warranted a prudent man in believing that the arrestee had committed or was committing an offense. **Beck v. State of Ohio**, 379 U.S. 89, 91 (1964). Notably, a facially valid arrest warrant is a complete defense to a false arrest claim. **Voyticky v. Vill. of Timberlake, Ohio**, 412 F.3d 669, 677 (6th Cir. 2005). An exception to this rule exists when an officer omits material from an arrest warrant or intentionally misleads in obtaining it. ***Id.***

Plaintiff does not specify if he brings a federal or state false arrest claim against Defendants Crum and Phillips. Regardless, Plaintiff's federal false arrest claim against Defendants Phillips and Crum fails. First, as alleged by the Plaintiff, his arrest was made pursuant to a warrant that was approved by a judge, which is a complete defense to a false arrest claim. Second, the Plaintiff's complaint does not specifically allege any facts in support of this claim. Rather, Mr. Simmons' allegations are conclusory. Therefore, it must be dismissed.

#### ii. State Law

A false arrest is an illegal or unjustified arrest, and the guilt or innocence of the person arrested is irrelevant. **Lewis v. Farmer Jack Div., Inc.**, 415 Mich. 212, 327

N.W.2d 893 (1982). To prevail on a claim of false arrest or false imprisonment, a plaintiff must show that the arrest was not legal, i.e., the arrest was not based on probable cause. ***Id***.; ***Burns v. Olde Discount Corp.***, 212 Mich.App. 576, 581, 538 N.W.2d 686 (1995); ***Tope v. Howe***, 179 Mich.App. 91, 105, 445 N.W.2d 452 (1989). If the arrest was legal, there has not been a false arrest or a false imprisonment. ***Tope, supra*** at 105, 445 N.W.2d 452. Whether the plaintiff could actually have been convicted is irrelevant because actual innocence is not an element of false arrest. ***Lewis, supra*** at 218 n. 1, 327 N.W.2d 893; ***Brewer v. Perrin***, 132 Mich.App. 520, 527, 349 N.W.2d 198 (1984).

The Plaintiff's state false arrest claim fails for the same reason his federal claim fails: he has not specifically pled allegations to support this claim.  Therefore, it must be dismissed.

### c. False Imprisonment

The general concept of false imprisonment as an "unlawful restraint of an individual's personal liberty" is broader than, but includes, a false arrest involving law enforcement. See ***Clarke v. K Mart Corp.***, 197 Mich.App. 541, 546–547, 495 N.W.2d 820 (1992) 495 N.W.2d 820, quoting ***Tumbarella v. Kroger Co.***, 85 Mich.App. 482, 271 N.W.2d 284 (1978); see also Black's Law Dictionary (7th ed.), p. 618 (the tort of "[f]alse imprisonment ... applies to private as well as government detention").  The elements of false imprisonment are "[1] an act committed with the intention of confining another, [2] the act directly or indirectly results in such confinement, and [3] the person confined is conscious of his confinement." ***Adams v. Nat'l Bank of Detroit***, 444 Mich. 329, 341, 508 N.W.2d 464.  "[T]he essence of a claim of false imprisonment is that the imprisonment is

false, i.e., without right or authority to do so." **Hess v. Wolverine Lake**, 32 Mich.App. 601, 604, 189 N.W.2d 42 (1971).

The Plaintiff fails to allege any specific facts in support of his false imprisonment claim. Rather, the Plaintiff provides conclusory allegations and legal determinations. Therefore, Plaintiff's False Imprisonment claim must be dismissed.

### d. Intentional Infliction of Emotional Distress

To establish a claim of intentional infliction of emotional distress, a plaintiff "must present evidence of (1) the defendant's extreme and outrageous conduct, (2) the defendant's intent or recklessness, (3) causation, and (4) the severe emotional distress of the plaintiff." **Lewis v LeGrow**, 258 Mich App 175, 196; 670 NW2d 675 (2003).

There is no liability unless the "defendant's conduct is so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." **Id.** Conduct is extreme and outrageous if "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'outrageous!'" **Roberts v Auto Owners Ins Co**, 422 Mich 594; 603 NW2d 905 (1985). The limited facts alleged by the Plaintiff do not amount to anything close to "extreme and outrageous." Moreover, the allegations pled by the Plaintiff in support of this claim are conclusory and do not provide specifics to support this claim. Therefore, this claim must be dismissed.

## **CONCLUSION AND RELIEF REQUESTED**

For the reasons set forth above, Plaintiff has failed to state cognizable federal law and state law claims against Defendants Nigel Crum, Joseph O'Connor, Julie Phillips and Alexander Lipsey. Therefore, Defendants ask this Court to grant their motion seeking dismissal under Fed. R. Civ. P. 12(b)(6).

        Respectfully submitted,

        CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
        By: /s/ Bradley C. Yanalunas
        Allan C. Vander Laan (P33893)
        Bradley C. Yanalunas (P80528)
        Attorneys for Defendants Wiewiora and Crosby
        2851 Charlevoix Dr., S.E. - Suite 327
        Grand Rapids MI  49546
        616-975-7470

Dated:  June 10, 2019