UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LAWRENCE LYNELL SIMMONS, | Case No. 1:19-cv-301 |
| Plaintiff, | HON. JANET T. NEFF<br>U.S. DISTRICT JUDGE |
| v. | |
| K. NIGEL CRUM, in his individual personal capacity, a private citizen;<br>JOSEPH E. O'CONNOR, in his individual personal capacity, a private citizen;<br>JULIE K. PHILLIPS, in her individual personal capacity, a private citizen;<br>ALEXANDER C. LIPSEY, in his individual personal capacity, a private citizen. | HON. ELLEN S. CARMODY<br>U.S. MAGISTRATE JUDGE |
| Defendants. | |

_____

| | |
|---|---|
| Lawrence L. Simmons<br>Plaintiff In Pro Per<br>444 Terrace Ct.<br>Kalamazoo MI  49001<br>269/217-9811 | Allan C. Vander Laan (P33893)<br>Bradley C. Yanalunas (P80528)<br>Cummings, McClorey, Davis & Acho<br>Attorneys for Defendants K. Nigel Crum, Joseph E. O'Connor, Julie K. Phillips and Alexander C. Lipsey<br>2851 Charlevoix Dr., S.E. - Suite 327<br>Grand Rapids MI  49546<br>616-975-7470<br>avanderlaan@cmda-law.com<br>byanalunas@cmda-law.com |

_____

## REPLY BRIEF OF DEFENDANTS NIGEL CRUM, JOSEPH O'CONNOR, JULIE PHILLIPS AND ALEXANDER LIPSEY

# INDEX OF AUTHORITIES

## Cases

***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009) ................................................................. 3

***Cooper v. Parrish***, 203 F.3d 937, 944 (6th Cir. 2000) .................................................... 2

***Eyde v. Charter Tp. of Meridian***,
118 Mich. App. 43, 50, 324 N.W.2d 775, 777-8 (1982) ..................................................... 1

***Jones v. Bock***, 549 U.S. 199, 215 (2007) ........................................................................ 3

***Krajick v. Justin***, 991 F. Supp. 875, 876-78 (E.D. Mich. 1998) ..................................... 2

***Migra v. Warren City School Dist. Bd. of Educ.***, 465 U.S. 75, 81 (1984) ..................... 1

***Pani v. Empire Blue Cross Blue Shield***, 152 F.3d 67, 74-5 (2nd Cir. 1998) ................. 3

***Prawdzik v. Heidema Brothers, Inc.***, 352 Mich. 102, 109;
89 N.W.2d 523, 527 (1958) ................................................................................................ 1

***Riverview Health Ins. LLC v. Medical Mutual of Ohio***,
601 F.3d 505, 512 (6th Cir. 2010) ...................................................................................... 3

## Rules

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 3

**ARGUMENT IN REPLY**

Plaintiff Simmons' response to Defendants' Motion to Dismiss is without support in law or fact. He erroneously asserts Case No. G90-1098-DP is "fraudulent" because it does not have a Complaint. However, Case No. G90-1098-DP is the same case as Case No. C90-1098-DP. The only difference is the "C" and "G" which represent the Courtroom to which the case file is assigned. Plaintiff Simmons' response is meritless and Defendants are entitled to a dismissal.

### I.  PLAINTIFF SIMMONS' *RES JUDICATA* ARGUMENT HAS NO MERIT.

Plaintiff Simmons, without legal or factual support, claims *res judicata* "must give way to overriding concern of public policy and simple justice." **(ECF No. 16, Pg ID 143, Brief, p. 7)**. Plaintiff Simmons does not attempt to address the fact his claims have already been litigated and dismissed with prejudice.

*Res judicata* prevents a defendant from attacking a judgment with a defense that could have been asserted in the prior litigation. ***Eyde v. Charter Tp. of Meridian***, 118 Mich. App. 43, 50, 324 N.W.2d 775, 777-8 (1982), ***Prawdzik v. Heidema Brothers, Inc.***, 352 Mich. 102, 109; 89 N.W.2d 523, 527 (1958). This Court must apply Michigan *res judicata* law to this case. ***Migra v. Warren City School Dist. Bd. of Educ.***, 465 U.S. 75, 81 (1984). Plaintiff Simmons previously filed suit against Defendants Crum and O'Connor claiming the same factual allegations and legal theories and was dismissed with prejudice. Therefore, *res judicata* applies and Defendants Crum and O'Connor must be dismissed.

### II.  PLAINTIFF SIMMONS' ABSOLUTE IMMUNITY ARGUMENT HAS NO MERIT

Plaintiff Simmons' claims Defendants Lipsey and Phillips are not entitled to immunity because they lacked "jurisdiction" to sign "void orders." Plaintiff Simmons bases this legal theory on his assumption Case No. G90-1098-DP is "fraudulent." However, Plaintiff Simmons' own evidence attached to his response defeats his argument. The documents attached to **Exhibit B** are proof that Judges Lipsey and Phillips properly followed the original 1990 filiation order. Further, Judge Lipsey did not "avoid" the jurisdictional question. He explained to Plaintiff Simmons the "C" and "G" have no substantive effect on the activity of a case. Rather, it reflects which Courtroom the case held. Therefore, as Judge Lipsey explained, the Court had jurisdiction.

As Defendants stated in their original brief, judicial officers generally are absolutely immune from civil suits for monetary damages under § 1983 for their judicial actions. ***Cooper v. Parrish***, 203 F.3d 937, 944 (6th Cir. 2000). This immunity extends to state district court judges and magistrates in the performance of their judicial acts. ***Krajick v. Justin***, 991 F. Supp. 875, 876-78 (E.D. Mich. 1998). Plaintiff Simmons has presented no legal or factual argument which destroys Defendants Lipsey and Phillips' entitlement to absolute immunity. Therefore, Plaintiff's claims against them must be dismissed.

### III. PLAINTIFF SIMMONS' QUALIFIED AND GOVERNMENTAL IMMUNITY ARGUMENTS HAVE NO MERIT

Plaintiff Simmons' states Defendants are not entitled to qualified immunity because "there was and continues lack of a complaint under case file no. G90-1098-DP, which continues fraudulent on its face." **(ECF 16, PageID.150).** He then claims Defendants are not entitled to governmental immunity because "there has not been a complaint assigned to fraudulent case file no. G90-1098-DP for 19 years." **(ECF 16, PageID.152).** Again, Plaintiff Simmons' conclusions are erroneous and without support.

"[A] motion for dismissal pursuant to Rule 12(b)(6) will be granted [1] if the facts as alleged are insufficient to make a valid claim or [2] if the claim shows on its face that relief is barred by an affirmative defense." ***Riverview Health Ins. LLC v. Medical Mutual of Ohio***, 601 F.3d 505, 512 (6th Cir. 2010).  One such affirmative defense is immunity. ***Jones v. Bock***, 549 U.S. 199, 215 (2007), citing with approval ***Pani v. Empire Blue Cross Blue Shield***, 152 F.3d 67, 74-5 (2nd Cir. 1998).  When "a defendant raises qualified immunity as a defense, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity." ***Everson v. Leis***, 556 F.3d 484, 494 (6th Cir. 2009).

Because Plaintiff Simmons cites no relevant case law which carries the burden of demonstrating Defendants are not entitled to qualified immunity, they are entitled to it and his claims against them must be dismissed.

### IV. PLAINTIFF SIMMONS FAILED TO SUSTAIN HIS DUE PROCESS, FALSE ARREST, FALSE IMPRISONMENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS

As he does throughout his brief, Plaintiff Simmons states that because G90-1098-DP is fraudulent file number, he is entitled to relief.  However, Plaintiff Simmons is required to state a claim for relief that is plausible on its face. ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009). A claim is "plausible" only "when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." ***Id.***  A pleading that offers labels and conclusions or formulaic recitation of the elements of a cause of action will not do." ***Id.***

The allegations in Plaintiff Simmons' complaint are conclusory.  Moreover, Plaintiff's response simply recites the elements of his claims and reiterates his conclusion that G90-1098-DP is a "fraudulent" case which entitles him to some sort of relief.  Plaintiff

Simmons failed to plead facts upon which relief may be granted, therefore his claims against Defendants must be dismissed.

## CONCLUSION AND REITERATION OF RELIEF REQUESTED

For the reasons described above, Plaintiff Simmons fails to offer any valid rebuttal to the arguments asserted by Defendants regarding the grounds for dismissal. Defendants' motion should be granted.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

/s/ Allan C. Vander Laan
Allan C. Vander Laan (P33893)
Bradley C. Yanalunas (P80528)
Attorneys for Defendants
Cummings, McClorey, Davis & Acho. P.L.C.
2851 Charlevoix Drive, SE, Ste. 327
Grand Rapids, MI 49546
616/975-7470

Dated: July 16, 2019

## CERTIFICATE OF COMPLIANCE

Pursuant to W.D. Mich. L Civ R 7.2(c), the undersigned certifies this brief complies with the type-volume limitations of 4,300 words.

1. EXCLUSIVE OF THE EXEMPTED PORTIONS IDENTIFIED IN W.D. Mich. L Civ R 7.2(c), THE BRIEF CONTAINS:

    A. 898 words.

2. THE BRIEF HAS BEEN PREPARED:

    B. in proportionally spaced typeface using: "Arial" in font size 12.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

/s/ Allan C. Vander Laan
Allan C. Vander Laan (P33893)
Bradley C. Yanalunas (P80528)
Attorneys for Defendants Steven Pickens and Isabella County
2851 Charlevoix Drive, SE, Ste. 327
Grand Rapids, MI 49546
616/975-7470

Dated: July 16, 2019