UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE LYNELL SIMMONS,

              Plaintiff,                              Hon. Janet T. Neff

v.                                              Case No. 1:19-cv-301

NIGEL CRUM, et al.,

              Defendants.
_____/

## REPORT AND RECOMMENDATION

      This matter is before the Court on Defendants' Amended Motion to Dismiss.[1]   (ECF No. 11.)   Also before the Court are Plaintiff's Motions to Strike.   (ECF Nos. 24 and 27.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions be **denied** and Defendants' motion be **granted**.

## I.      BACKGROUND

      Plaintiff Lawrence Simmons filed a pro se complaint against Defendants Nigel Crum, Joseph O'Connor, Julie Phillips, and Alexander Lipsey, alleging claims for false arrest, false imprisonment, and intentional infliction of emotional distress.[2]   Crum and O'Connor are employees of the Kalamazoo County Friend of the Court and Phillips and Lipsey are judges of the Kalamazoo County Circuit Court.   (ECF No. 1 at PageID.3.)   Simmons's claims arise out

---

[1]  Although Defendants have requested oral argument, the Court finds that oral argument is unnecessary as the parties' briefs adequately address the issues.

[2]  It is unclear whether Simmons brings his false arrest and false imprisonment claims as Fourth Amendment claims under 42 U.S.C. § 1983 or as state law claims.   Regardless, the Court construes them as Section 1983 claims based on his citation of 28 U.S.C. § 1331 in his complaint.

of the Friend of the Court's efforts to collect delinquent sums that Simmons owed pursuant to a child support order.

Simmons alleges that, in November 2018, he received an order Crum and Judge Phillips signed directing him to show cause for his failure to pay money he owed under a 1990 child support order.   (*Id.* at PageID.4.)   Simmons responded to the order, demanding that it be dismissed because there were no grounds for the child support claim.   On December 18, 2018, Simmons was arrested for failure to appear at the show cause hearing and incarcerated at the Kalamazoo County Jail.   On December 19, 2018, O'Connor contacted Simmons at the jail and presented a Consent Order Regarding Support to Simmons, which Simmons signed.   (*Id.* at PageID.5.)   The Consent Order required Simmons to serve ten days in jail, which would be suspended if he paid $200 to the Friend of the Court.   (ECF No. 11-5.)   Judge Phillips signed the Consent Order on December 21, 2018.   Simmons was released from jail on December 27, 2018.   (ECF No. 1 at PageID.5.)

On January 22, 2019, Simmons filed a complaint in the Kalamazoo County Circuit Court against Defendants Crum and O'Connor alleging claims of false arrest, false imprisonment, and mental anguish, all arising out of the proceedings to enforce Simmons's child support obligation.   (ECF No. 11-4.)   The case was assigned to Judge Lipsey.   Crum and O'Connor filed a motion for summary disposition.   Judge Lipsey heard oral argument on April 4, 2019, and entered an order dismissing Simmons's complaint with prejudice.   (ECF No. 11-3.)

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light

most favorable to Plaintiff to determine whether such states a valid claim for relief.  *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*   As the Court further observed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678-79.

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any attached exhibits, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided they are referenced in the complaint and central to the claims therein.  *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008).

### III.   ANALYSIS

Defendants move to dismiss Simmons's complaint on the grounds of res judicata, absolute judicial immunity, qualified immunity, and governmental immunity.   In response, Simmons has filed two motions requesting that the Court strike Defendants' briefs.

#### A.   Simmons's Motions to Strike

Simmons has filed two motions to strike pursuant to Fed. R. Civ. P. 12(f), which are essentially duplicative.   In his first motion, Simmons requests that the Court strike Defendants' reply to his response to Defendants' motion to dismiss.   He makes the same request in his second motion and appears to argue that the Court should also strike Defendants' response to Simmons's first motion to strike.   In both motions, Simmons argues that Defendants' reply and response were improper because they filed them without first obtaining an order from the Court.   Both motions lack merit.

Simmons argues that Defendants filed their reply and response in violation of Fed. R. Civ. P. 12(a)(1)(C), which provides that "[a] party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time." Rule 12(a)(1)(C) has no application to this matter.   Defendants replied to Simmons's response to their motion to dismiss and responded to Simmons's motion to strike.   Neither was an answer.   The reply—filed in support of a dispositive motion—was authorized by Western District of Michigan Local Civil Rule 7.2(c).   The response—filed in response to a nondispositive motion—was authorized by Western District of Michigan Local Rule 7.3(c). There is no basis to strike either document.[3]   Moreover, Simmons's motions to strike are

---

[3] Simmons's reliance on Fed. R. Civ. P. 12(f) is also misplaced, as the rule is limited to "a pleading," which includes only those documents listed in Fed. R. Civ. P. 7(a).   "[B]riefs, affidavits, and evidentiary matters submitted in support thereof are not 'pleadings' for the purpose

themselves improper, as they attempt a second bite at the apple by arguing the merits of the motion to dismiss rather than any proper basis for a motion to strike.

### B.   Motion to Dismiss

#### 1.   Res Judicata

Defendants argue that Simmons's claims against Crum and O'Connor are barred by the doctrine of qualified immunity.   "The *res judicata* effect of a state-court judgment in federal court is governed by the Full Faith and Credit Act, 28 U.S.C. § 1738."   *Young v. Twp. Of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006) (citing *Smith, Hinchman & Grylls, Assocs., Inc.*, 990 F.2d 256, 257 (6th Cir. 1993)).   Section 1738 generally requires "federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."   *Haring v. Prosise*, 462 U.S. 306, 313 (1983) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).

Under Michigan law, the doctrine of res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first."   *Washington v. Sinai Hosp. of Greater Detroit*, 733 N.W.2d 755, 759 (Mich. 2007).   In addition, Michigan courts construe the doctrine "as applying both to claims actually raised in the prior action and to 'every claim arising out of the same transaction which the parties, exercising reasonable diligence, could have raised but did not.'"   *Limbach v. Oakland Cty. Bd. of Road Comm'rs*, 573 N.W.2d 336, 340 (Mich. Ct. App. 1997) (quoting *Sprague v. Buhagiar*, 539 N.W.2d 587, 589 (Mich. Ct. App. 1995)).

---

of Rule 12(f)."   *Int'l Coal Grp., LLC v. Massey Coal Sales Co.*, No. 05-cv-233-HRW, 2006 WL 8445431, *1 (E.D. Mich. Apr. 17, 2006).

All of the elements necessary to establish res judicata are present in this case.   First, the state-court action was decided on the merits.   A dismissal with prejudice constitutes an adjudication on the merits for purposes of res judicata.   *Wilson v. Knight-Ridder Newspapers, Inc.*, 475 N.W.2d 388, 389 (Mich. Ct. App. 1991).   Judge Lipsey's April 4, 2019 Order dismissing Simmons's claims with prejudice is thus an adjudication on the merits.   Second, the parties are the same.   Simmons sued Crum and O'Connor in both the prior state-court action and the instant action.   Finally, the claims in both cases arise out of exact same facts and Simmons alleged essentially the exact same claims.   Thus, the claims in the instant case were, or could have been, resolved in the prior case.   This holds true even if Simmons now intends to assert his false arrest and false imprisonment claims as Section 1983 claims because state courts have concurrent jurisdiction over such claims.   *Martinez v. California*, 444 U.S. 277, 283 n.7 (1980).

Simmons argues that application of res judicata in this case is improper because of an exception providing that the doctrine "must give way to overriding concern of public policy and simple justice."   (ECF No. 16 at PageID.143.)   Simmons cites no authority for this proposition, although the Sixth Circuit has recognized that "[n]either collateral estoppel nor res judicata is to be rigidly applied.   Both rules are qualified or rejected when their application would contravene overriding public policy or result in manifest injustice."   *Tipler v. E.I. duPont deNemours & Co.*, 443 F.2d 125, 128 (6th Cir. 1971).   But Simmons identifies no fact or circumstance rendering application of the doctrine in this case contrary to public policy or manifestly unjust.   Simmons received a full hearing in the prior action and had the opportunity to present his claims.   Moreover, the doctrine itself is based on sound policy: "the recognition that interminable litigation leads to vexation, confusion, and chaos for the litigants, resulting

in the inefficient use of judicial time." *Schwartz v. City of Flint*, 466 N.w.2d 357, 359 (Mich. Ct. App. 1991) (citing *Rogers v. Colonial Fed. Sav. & Loan Ass'n of Grosse Point Woods*, 275 N.W.2d 499, 502 (Mich. 1979), *overruled on other grounds by Al-Shimmari v. Detroit Med. Ctr.*, 731 N.W.2d 29 (2007)). Because Simmons presents no compelling competing policy concerns militating against application of res judicata, the undersigned recommends that his claims against Crum and O'Conner are subject to dismissal.

## 2.      Judicial Immunity

Defendants Lipsey and Phillips argue that, as judges who presided over Simmons's prior action in state court and the family court proceeding, they are absolutely immune from Simmons's claims.

It is well established that a judge is absolutely immune from suit seeking monetary relief, so long as the judge was performing judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11. The "immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights." *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001). A judge is not immune (1) where the judge's alleged actions were not taken in the judge's judicial capacity, or (2) where the actions, although judicial in nature, were taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11–12. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of this authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1981)).

Defendants Lipsey and Phillips are entitled to absolute judicial immunity from Simmons's claims because the claims are based on their conduct as judges in the underling state-court proceedings.    Although Simmons argues that Defendants Lipsey and Phillips acted in the absence of subject matter jurisdiction, his allegations are conclusory and the exhibits Defendants attached to their brief, as well as those Simmons attached to his brief, refute this allegation.    Therefore, the undersigned recommends that Defendants Lipsey and Phillips are entitled to dismissal on the basis of absolute immunity.[4]

## IV.    CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motions to Strike (ECF Nos. 24 and 27) be denied, that Defendants' Amended Motion to Dismiss (ECF No. 11) be granted, and the complaint dismissed with prejudice.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).    Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: November 15, 2019                                           /s/ Sally J. Berens
                                                                                SALLY J. BERENS
                                                                                U.S. Magistrate Judge

---

[4] Having found Simmons's claims subject to dismissal based on res judicata and judicial immunity, the Court need not address Defendants' qualified immunity and governmental immunity arguments.

8